OF

# THE SUPREME COURT

OF THE

## STATE OF ILLINOIS,

### DECEMBER TERM, 1852, AT SPRINGFIELD.

---

NELSON GOLTRA, Appellant, *v.* ELIHU WOLCOTT, Appellee.

#### APPEAL FROM MORGAN.

Where an attorney is consulted merely as a friend, and where neither he, nor the person communicating with him, supposes the relation of attorney and client to exist between them, the communications are manifestly not entitled to the sanction of secrecy extended to communications professionally made.

THE only error assigned in this case is, that the court below suffered the said English to be examined as a witness, against the objection of the appellant.

The cause was tried by WOODSON, Judge, at March term, 1852, of the Morgan Circuit Court.

D. A. SMITH, for appellant.

W. BROWN and E. N. WAKEFIELD, for appellee.

TRUMBULL, J.   James English, a witness called by the defendant, testified, on his preliminary examination, as follows:
8*

" That he was a licensed and practising attorney of this court, and had been for several months before the origin of this controversy; that the plaintiff met him in the street, some five or six weeks since, and said he had a case, and wanted the opinion of the witness about it; plaintiff stated his case (being the case now in controversy) to the witness, and the witness gave his opinion regarding it: the witness said he did not consider himself as the attorney of the plaintiff; the witness had not been previously consulted, in any case, as attorney by the plaintiff, nor did the plaintiff at the time tell the witness he wished to employ him, nor did he afterwards consult the witness with regard to the case." After the witness had made the foregoing statement, the plaintiff objected to his testifying to the communications made to him in the interview above spoken of, on the ground that to allow him to do so, would be a breach of professional confidence; but the court overruled the objection, and the communications were given in evidence to the jury. The propriety of their admission depends entirely upon whether the relation of attorney and client existed between the witness and the plaintiff.

The rule that an attorney shall not be required, or even permitted, without the client's consent, to disclose the communications made to him by his client, has respect solely to the untrammelled administration of justice in the settlement of rights, and, as this requires the assistance of professional advice, secrecy is enjoined, as a necessary security, without which no man could safely apply to counsel for advice; but as the rule has a tendency to prevent the full disclosure of the truth, it ought not to be extended to cases not strictly within the principle of the policy which gave it birth.

Though it be not necessary to give the rule operation, that there should be a regular retainer, or any particular form of application or engagement, or the payment of fees, nor that there should be a suit pending or in contemplation, yet it is to be confined to communications made to the attorney, in his character of attorney, and does not embrace cases where, though an attorney, and, therefore, consulted, the witness was only applied to, and acted as, a friend. Granger v. Warrington, 3 Gilman, 309; Beeson v. Beeson, 9 Barr, 301; 1 Greenleaf on Evidence, § 237 et seq.

The witness in this case had been but recently admitted to the bar, the plaintiff casually met him in the street, and all the conversation they ever had about the matter in controversy occurred at that time, which was before the institution of the suit. The witness could not recover compensation for the opin-

ion he gave, as he states expressly, that he did not consider himself the attorney of the plaintiff; and it is apparent, from the time and place, when and where the conversation occurred, as well as the subsequent conduct of the plaintiff, in never afterwards consulting the witness about the institution or prosecution of the suit, that he did not regard him as his attorney in the matter.

Where an attorney is consulted merely as a friend, and where neither he, nor the person communicating with him, supposes the relation of attorney and client to exist between them, the communications are manifestly not entitled to the sanction of secrecy extended to communications professionally made.

*Judgment affirmed.*